UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PHILIP COLUMBO,

                Plaintiff,                **ORDER**

       -against-                        **22-CV-775 (RA) (JW)**

PHILIPS BRYANT PARK LLC, *et al.*,

                Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On August 18, 2022, Plaintiff filed his opposition to Defendants' motion to dismiss. Dkt. No. 36 ("Motion" or "Mot."). In that filing Plaintiff raised three cross-motions: (1) a cross-motion for leave to file an amended complaint; (2) a cross-motion to disqualify counsel; and (3) a cross-motion to expedite discovery. Id. On October 16, Defendants filed Oppositions to all three of these cross-motions. See Opp. re Plaintiff's Cross-Motion to Expedite Discovery (Dkt. No. 45); Opp. re Plaintiff's Cross-motion to Amend Complaint (Dkt. No. 46); Opp. re Plaintiff's Cross-Motion to Disqualify Counsel (Dkt. No. 47). The cross-motion for leave to file an amended complaint will be addressed by District Judge Ronnie Abrams. This decision resolves the other two cross-motions.

## CROSS-MOTION TO DISQUALIFY COUNSEL

Plaintiff seeks to disqualify Robert Wiesen, Esq., as well as his firm Clifton Budd & DeMaria LLP. Mot. at 22-23. Plaintiff's basis for this motion is as follows:

> "Robert Wiesen, Esq. was intimately involved in representing the Hotel – and Plaintiff – for years. They discussed all matters related to the Hotel and oftentimes discussed matters related to the working

>relationship between Plaintiff and Defendants. He knows how Defendants mistreated Plaintiff. Mr. Wiesen knows Defendants' motivations and patterns of behavior. He knows the challenges, issues, and fears Plaintiff faced during Plaintiff's period of employment as a direct result of the actions, inaction, and decisions that were made by Defendants. Most notably, Mr. Wiesen was a participant in an important telephone conference call on March 19, 2020 that resulted in Hotel operations being shut down, employees being let go, additional responsibilities being added to Plaintiff, and in turn, numerous legal actions being filed. Mr. Wiesen knows, and likely was intimately involved in managing the litigation strategy related to the Hotel's decisions in how to treat its employees, contractors, and vendors, as well as the revolving door of insurance that Defendants were forced to procure to cover the Hotel based upon their history of claims."

Mot. at 22. Plaintiff then imputes Mr. Wiesen's disqualification to his firm at-large. Id. at 23. As a brief note, this motion was filed before Mr. Wiesen filed a notice of appearance in this case. See Dkt. No. 50 (Notice of appearance filed on November 2, 2022, two and a half months *after* this motion was made). While this throws the appropriateness of the instant motion into question, the Court will address it on the merits as Mr. Wiesen has now entered his appearance.

Plaintiff's motion to disqualify Mr. Wiesen is based upon New York Rule of Professional Conduct 3.7(a) which states that "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact." "Motions for disqualification, especially those based upon the witness-advocate rule, are 'subject to fairly strict scrutiny." Total Asset Recovery Servs., LLC v. Huddleston Cap. Partners VIII LCC, Case No. 21-cv-2466 (ALC), 2022 WL 1125924, at *2 (S.D.N.Y. Apr. 15, 2022) (quoting Murray v. Metropolitan Life Ins. Co., 583 F. 3d 173, 178 (2d Cir. 2009). This is because "[d]isqualification denies a

party's right to representation by the attorney of its choice." S&S Hotel Ventures Ltd. Partnership v. 777 S.H. Corp., 69 N.Y.2d 437, 443 (1987).

The movant's burden includes, as a preliminary matter, demonstrating that the attorney whose disqualification is sought would be a "necessary witness on a significant issue of fact." Total Asset Recovery Servs., LLC, 2022 WL 1125924, at *2. Plaintiff cites Finkel v. Frattarelli Bros., 740 F. Supp. 2d 368 (E.D.N.Y. 2010), for the rule on necessity. Mot. at 21. As that case states, "[w]hen considering the necessity of testimony, a court should examine factors such as the significance of the matters, weight of the testimony, and availability of other evidence." Finkel, 740 F. Supp. 2d at 373 (quotations omitted).

This Court agrees with Defendants that this motion is, at best, premature. The only specific factual instance that Plaintiff identified in which Mr. Wiesen's testimony might be necessary is the March 19, 2020 phone call; however, if Mr. Wiesen was acting in his capacity as counsel on that call, there are threshold issues of privilege that would need to be addressed before Mr. Wiesen's potential role as a witness would even arise. Furthermore, if during the discovery process other evidence emerges that could cure the need to turn to Mr. Wiesen as a witness, then disqualification would certainly be inappropriate. It is possible that over the course of this case it might become the case that Mr. Wiesen's role in this matter needs to be reexamined; however, at this early stage, Plaintiff has not met the high bar for disqualification.

As for the motion to disqualify Clifton Buff & DeMaria, LLP, that also fails. "Disqualification by imputation should be ordered sparingly… and only when the

3

concerns motivating the rule are at their most acute." Murray, 583 F.3d at 178. New York Rule of Professional Conduct 3.7(b) states that "[a] lawyer may not act as advocate before a tribunal in a matter if … another lawyer in the lawyer's firm is likely to be called as a witness on a significant issue other than on behalf of the client, and it is apparent that the testimony may be prejudicial to the client." As it is yet unclear whether Mr. Wiesen, or any other lawyer from Clifton Buff & DeMaria LLP will be called as a witness, this motion is also denied.

## **CROSS-MOTION TO EXPEDITE DISCOVERY**

Plaintiff bases his motion to expedite discovery on the sole rationale that three individuals who are expected to testify in this matter are advanced in age. Mot. at 24-25. Plaintiff cites only New York State case law in support of this motion. Id.

Generally, discovery may only be sought following a Federal Rule of Civil Procedure ("FRCP") 26(f) conference. See, *e.g.*, Ayyash v. Bank Al-Madina, 233 F.R.D. 325, 326 (S.D.N.Y. 2005). In this case, an initial case management conference ("ICMC") was scheduled for April 18, 2022. Dkt. No. 4. In that scheduling order, it was mandated that the parties should hold their Rule 26(f) conference at least 21 days prior to the ICMC before the Court. Id. On April 15, 2022, Plaintiff filed a letter with the Court stating that it had only just been established who was counsel for which Defendants. Dkt. No. 7. As such, though a conference was held before the Court on April 18, 2022, it does not appear to have followed a Rule 26(f) conference, and no case plan was put into place.

Thus, it is not unreasonable for Plaintiff to move to expedite discovery, as a Rule 26(f) conference allowing discovery to move forward has not yet occurred. However, the more productive solution for this issue is to simply re-schedule the ICMC, with the Parties engaging in the Rule 26(f) conference at least 21 days prior to that date. An ICMC is therefore scheduled for December 20, 2022, at 10:30 AM. The conference will take place telephonically, with dial in number (646) 453-4442, and Conference ID 128 578 024.

The Court is aware that Defendants' motion to dismiss is still pending before Judge Abrams; however, that is not an obstacle to discovery in this case moving forward in the interim. The Cross-Motion to Expedite Discovery is DENIED.

## CONCLUSION

For the reasons stated above, the Cross-Motion to Disqualify Counsel is **DENIED** and the Cross-Motion to Expedite Discovery is **DENIED**. Plaintiff's letter-motion for a Rule 37.2 Conference, Dkt. No., 48, is now moot and therefore **DENIED**. An ICMC will take place on **December 20, 2022**, at **10:30 AM**. The conference will be telephonic: **dial in number** (646) 453-4442; **Conference ID** 128 578 024#.

SO ORDERED.

DATED:   New York, New York
         November 22, 2022

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge