```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHILIP COLUMBO,

                     Plaintiff,

                   v.

PHILIPS BRYANT PARK LLC d/b/a THE BRYANT PARK HOTEL LLC, PHILIPS INTERNATIONAL HOLDING CORP., ASG EQUITIES LLC, MAVERICK MANAGEMENT CORP., PHILIP PILEVSKY, ISAAC GINDI, EZRA SULTAN, MICHAEL PILEVSKY, SHEILA CHESS, SETH PILEVSKY, XYZ CORPORATIONS 1-10, and JOHN and JANE DOES 1-10,

                     Defendants.

No. 22-CV-775 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

      Philip Columbo ("Plaintiff") brought this action against Philips Bryant Park LLC d/b/a The Bryant Park Hotel LLC (the "Bryant Park Hotel") and eleven other defendants for breach of contract, quasi-contract claims, and various other claims related to Plaintiff's former employment relationship with the Bryant Park Hotel. Defendants filed a partial motion to dismiss on June 17, 2022. Two months later, and while the motion to dismiss was still pending, Plaintiff's counsel filed a declaration attaching a proposed amended complaint. A week later, Plaintiff filed an opposition to the motion to dismiss, as well as cross-motions for leave to file an amended complaint, to disqualify counsel, and to expedite discovery.

      Under Federal Rule of Civil Procedure 15(a)(2), if a party misses the deadline to amend its pleading as a matter of course, the party "may amend its pleading only with the opposing party's written consent or with the court's leave. The court should freely give leave when justice so

requires." Fed. R. Civ. P. 15(a)(2). "Where a plaintiff seeks to amend its complaint while a motion to dismiss is pending, a court 'may either deny the pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading.'" *In re Madison Asset LLC*, No. 20-cv-10299, 2021 WL 1894032, at *1 (S.D.N.Y. May 11, 2021) (quoting *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020)). "[T]he preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave.'" *Id.* (quoting *Rheaume v. Pallito*, No. 15-cv-135, 2015 WL 7300790, at *2 (D. Vt. Oct. 22, 2015)) (collecting cases); *see also Thompson v. City of New York*, No. 21-cv-8202, 2022 WL 562358, at *1 (S.D.N.Y. Feb. 24, 2022) ("Amendments are generally favored because they tend to facilitate a proper decision on the merits.").

The Court thus grants Plaintiff's cross-motion for leave to amend the complaint and denies the pending motion to dismiss as moot. Once Plaintiff has filed an amended complaint, Defendants may renew their motion to dismiss if they wish. The Clerk of Court is respectfully directed to terminate the motions pending at docket numbers 15 and 49.

Dated:   January 30, 2023
         New York, New York

_____
Ronnie Abrams
United States District Judge