UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHILIP COLUMBO,

                Plaintiff,

       v.

PHILIPS BRYANT PARK LLC d/b/a THE BRYANT PARK HOTEL LLC, PHILIPS INTERNATIONAL HOLDING CORP., ASG EQUITIES LLC, MAVERICK MANAGEMENT CORP., PHILIP PILEVSKY, ISAAC GINDI, EZRA SULTAN, MICHAEL PILEVSKY, SHEILA CHESS, SETH PILEVSKY, XYZ CORPORATIONS 1-10, and JOHN AND JANE DOES 1-10,

                Defendants.

22-CV-775 (RA)

MEMORANDUM
OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

On March 15, 2024, in a 44-page opinion, the Court granted Defendants' partial motion to dismiss Plaintiff's claims, with the exception of his claim for conversion against Defendants Chess, Michael Pilevsky, and the Hotel.[1] *See Columbo v. Philips Bryant Park LLC*, No. 22-cv-775, 2024 WL 1138942 (S.D.N.Y. Mar. 15, 2024). Plaintiff was granted leave to amend. Although he did amend his complaint, Plaintiff also filed the instant motion for reconsideration.[2] For the reasons provided below, the motion is denied.

The Court assumes familiarity with the background of this case, as detailed at length in the Court's prior opinion.

---

[1] Defendants had not moved to dismiss Plaintiff's claim for breach of contract against the Hotel.

[2] On March 27, 2024, Plaintiff requested leave to file an affidavit supporting his motion for reconsideration. *See* ECF No. 91. On March 29, 2024, exercising its discretion under Local Rule 6.3, the Court denied Plaintiff's request, cautioning Plaintiff that a motion for reconsideration is "not an opportunity for the parties to present new facts or theories" but noting that "Plaintiff may instead allege any additional facts in a Second Amended Complaint." *See* ECF No. 93.

**LEGAL STANDARD**

"Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b)." *Eckhart v. Fox News Network, LLC*, No. 20-cv-5593, 2022 WL 4579121, at *1 (S.D.N.Y. Sept. 29, 2022).[3] Reconsideration is granted only where a movant demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Plaintiff fails to do so.

**DISCUSSION**

Plaintiff argues that reconsideration is warranted because (1) he has presented new evidence and (2) to correct manifest injustice. *See* Pl.'s Mot. for Reconsideration at 7.[4] The Court disagrees.

As an initial matter, to prevail on a motion for reconsideration based on the availability of new evidence, "the movant must present evidence that is truly newly discovered or could not have been found by due diligence." *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983). Plaintiff has not presented any new evidence. Although he makes new allegations that had not been pleaded in the First Amended Complaint, "[a] motion for reconsideration, . . . is not the proper place to assert new allegations." *Pena v. Chocolate*, No. 10-cv-4067, 2012 WL 4459218, at *1 (S.D.N.Y. Sept. 25, 2012); *see also Rivero v. INTL FCStone Inc.*, No. 14-cv-3879, 2015 WL 6128707, at *2 (S.D.N.Y. Oct. 19, 2015) (denying a plaintiff's motion for reconsideration of the court's opinion dismissing his claims where he "relie[d] on newly alleged facts that cannot be inferred from any reasonable reading of the complaint" and instead were

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, omissions, and alterations.

[4] Plaintiff does not argue that there was an intervening change of controlling law. Indeed, all of the cases Plaintiff cites were also cited in the Court's prior opinion on Defendants' partial motion to dismiss.

"simply new allegations that [the p]laintiff failed to plead"). Notably, Plaintiff does not even assert that any of the new allegations mentioned in his motion for reconsideration are based on newly discovered evidence.

The proper place to assert additional allegations to remedy deficiencies in a prior complaint is in an amended one. Plaintiff himself appears to recognize as much. *See* Pl.'s Mot for Reconsideration at 6–7, 9–10, 15, 18. In the March 15th opinion, the Court granted Plaintiff leave to file a Second Amended Complaint, and he did so on April 12, 2024. *See* ECF No. 99. Plaintiff thus fails to demonstrate any manifest injustice meriting reconsideration. *See Singh v. Schikan*, No. 14-cv-5450, 2015 WL 4111344, at *2 (S.D.N.Y. June 25, 2015) (collecting cases denying motions for reconsideration where the plaintiff had previous opportunities to amend the complaint).

Finally, the Court rejects Plaintiff's contention that it committed clear error in its prior opinion. Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is denied in its entirety.

The Clerk of Court is respectfully directed to close the motion pending at ECF No. 94.

SO ORDERED.

Dated:   June 28, 2024
        New York, New York

_____
Ronnie Abrams
United States District Judge