UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP COLUMBO,

          Plaintiff,

          v.

PHILIPS BRYANT PARK LLC d/b/a THE BRYANT PARK HOTEL LLC, PHILIPS INTERNATIONAL HOLDING CORP., ASG EQUITIES LLC, MAVERICK MANAGEMENT CORP., PHILIP PILEVSKY, ISAAC GINDI, EZRA SULTAN, MICHAEL PILEVSKY, SHEILA CHESS, SETH PILEVSKY, XYZ CORPORATIONS 1-10, and JOHN AND JANE DOES 1-10,

          Defendants.

No. 22-cv-775 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On May 8, 2025, Plaintiff filed a Notice of Interlocutory Appeal from this Court's December 3, 2024 and April 8, 2025 Orders, which, respectively, granted in part Defendants' partial motion to dismiss the Second Amended Complaint and denied Plaintiff's Motion for Reconsideration. Plaintiff has not "request[ed] certification" of an immediate appeal, "[n]or does this case fall within the narrow collateral order doctrine." *Winter v. Pinkins*, No. 14-cv-8817 (RJS), 2017 WL 5496280, at *1 (S.D.N.Y. Apr. 13, 2017). The Court therefore "construes Plaintiff's notice of appeal as an application to file an interlocutory appeal" of the Court's prior orders. *Green v. Paramount*, No. 23-cv-535 (LTS), 2023 WL 3484050, at *1 (S.D.N.Y. Apr. 5, 2023). For the reasons set forth below, Plaintiff's motion is denied.

A district court may grant leave to appeal its interlocutory order when it finds that the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for

difference of opinion," and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Even where such criteria are met, district courts have "broad discretion to deny certification." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370 (S.D.N.Y. 2008).

Here, the § 1292(b) factors are not met. As explained in the Court's denial of Plaintiff's Motion for Reconsideration, the Court neither finds, nor has Plaintiff supplied any basis to conclude, that "there is a substantial ground for difference of opinion surrounding the controlling issues of law" decided in the Court's prior decisions. *Kogut v. Cnty. of Nassau*, Nos. 06-cv-6695 (JS) (WDW), 06-cv-6720 (JS) (WDW), 2010 WL 844745, at 82 (E.D.N.Y. Mar. 8, 2010). Furthermore, Plaintiff has "failed to demonstrate that the immediate appeal of this action would result in the saving of judicial resources or otherwise avoid protracted litigation," such that an immediate appeal would "materially advance the ultimate termination of the litigation." *Century Pac., Inc.*, 574 F. Supp. 2d at 373. Indeed, granting immediate appeal of this Court's decisions granting partial dismissal of Plaintiff's Second Amended Complaint would likely prolong this litigation, which was first filed in 2022. Accordingly, Plaintiff's motion for leave to appeal is denied.

SO ORDERED.

Dated: May 14, 2025
      New York, New York

_____
Ronnie Abrams
United States District Judge