UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PHILIP COLUMBO,

                        Plaintiff,                            **ORDER**

           -against-                        **22-CV-775 (RA) (JW)**

PHILIPS BRYANT PARK LLC, *et al.*,

                        Defendants.
------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

On September 26, 2025, the Parties appeared before the Court to discuss outstanding discovery issues. While the Parties were heard on some of Plaintiff's requests to compel production of RFPs, the Court ended oral argument because of the breadth of discovery requests left to address and timing constraints given the hearing was scheduled on a Friday afternoon and Defendants' counsel had prior personal commitments. As such, to more efficiently address the remaining requests instead of going through each RFP "point by point" (see Dkt. No. 187, 48:12-50:10), the Court ordered Plaintiff to file a letter motion summarizing the remaining categories of discovery requests he sought to compel. The Court then memorialized the order on the docket. See Dkt. No. 178.

While Plaintiff filed a letter motion at Dkt. No. 179, the Court found the motion unhelpful in meaningfully laying out the discovery categories in dispute. For instance, Plaintiff simply laid out the category of requests (without noting the specific RFPs at issue) he deemed "relevant" and stated that "[t]hey must be identified and produced." Dkt. No. 179. As such, the Court directed Plaintiff "to provide more

detailed bases for the discovery categories he is seeking to compel, . . . including, but not limited to, (1) which outstanding requests fall under the eight discovery categories noted below and (2) the relevance of this discovery to claims that are still a part of this action." Dkt. No. 182.

Plaintiff filed a subsequent letter at Dkt. No. 184 ostensibly in response to the Court order at Dkt. 182. Although the filing was 17 pages long, only two pages discussed the outstanding discovery requests. While Plaintiff specified which RFPs belonged to which discovery category, Plaintiff yet again failed to discuss the relevance of these discovery requests in a meaningful way. For instance, in support of Plaintiff's request for "all relevant documents and information related to his terms of employment," he simply asserted that "[t]his set of requests is at the heart of Plaintiff's breach of contract claim." Dkt. No. 184 at 3.

Defendants filed a response to Plaintiff's updated letter at Dkt. No. 186, arguing that Plaintiff missed the mark in explaining the relevance of the outstanding discovery requests "and their relevance to claims in this action." Dkt. No. 186. Defendants continue to oppose Plaintiff's discovery requests because they are overbroad with respect to scope and time, unduly burdensome, disproportional to the needs of the case, unlikely to lead to admissible evidence, and irrelevant. Id.

The Court agrees with Defendants. The Court has given Plaintiff three bites at the apple—one during the discovery conference, and two more times via letter motion—to explain how exactly these categories of discovery requests are relevant. But beyond broadly asserting relevance and generally describing these outstanding

2

requests, Plaintiff fails to provide any meaningful explanation as to why Plaintiff is entitled to the discovery he seeks. Without more from Plaintiff explaining why these discovery requests are relevant, the Court ultimately agrees with Defendants that these discovery requests are overbroad as to scope and time, unduly burdensome, and irrelevant. As such, the Court **DENIES** Plaintiff's letter motion to compel.

**The Clerk of Court is respectfully requested to close Dkt. No. 179.**

SO ORDERED.

DATED:      New York, New York
            December 16, 2025

                                  _____
                                  JENNIFER E. WILLIS
                                  United States Magistrate Judge

3