UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PHILIP COLUMBO,

                              Plaintiff,                    **ORDER**

                -against-                          **22-CV-775 (RA) (JW)**

PHILIPS BRYANT PARK LLC, *et al.*,

                              Defendants.
------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

Plaintiff Philip Columbo filed a motion for reconsideration seeking (1) reconsideration of the Court's January 16, 2026, order at Dkt. No. 193 and (2) discovery to be reopened.  Because Plaintiff fails to meet the standard for a motion to reconsider, his motion for reconsideration is **DENIED**.  Further, because the Court finds no good cause to reopen discovery, that too is **DENIED.**

## BACKGROUND

On December 26, 2025, Plaintiff filed a letter with the Court.  Dkt. No. 190. On January 16, 2026, the Court issued an order regarding the letter.  Dkt. No. 191. The Court noted that "[t]he letter does not appear to raise any additional discovery disputes, or any concrete requests, for the Court to address."  Dkt. No. 191.  For instance, while Plaintiff's December 26th letter queried whether the Court "'intends to enter a new Case Management Order to allow for the completion of discovery,'" Plaintiff failed to make such a request in accordance with the undersigned's individual rules.  Id. (quoting Dkt. No. 190).

The Court also noted that Plaintiff pled that he "'must be permitted to serve additional discovery demands in areas of discovery that remain outstanding and based upon Defendants' recent admissions of liability.'" Id. (citing Dkt. No. 190). However, Plaintiff filed his December 26th letter well after the October 15, 2025 fact discovery deadline (see Dkt. No. 164) and provided absolutely no detail to support his contention that these new discovery requests are based on Defendants' "recent admissions of liability." Dkt. No. 191. For instance, Plaintiff's letter failed to explain when the admissions were made, what they were, and why they would necessitate reopening discovery. See id.

On January 30, 2026, Plaintiff filed a motion for reconsideration of the January 16th order. Dkt. No. 193. Attached to Plaintiff's notice of motion for reconsideration is an attorney declaration. Because Plaintiff does not include a memorandum, the Court construes the declaration as the basis for Plaintiff's motion. While the attorney declaration is eleven pages, Plaintiff uses most of his declaration to recount his interpretation of discovery disputes that had already been fully resolved by the Court before Plaintiff's December 26th letter. See Dkt. No. 189. Plaintiff, among other things, contends that many discovery disputes remain open, including depositions and discovery requests. He ultimately seeks reconsideration of the January 16th order and to re-open discovery.

On February 18, 2026, Defendants filed an opposition, asserting that Plaintiff's motion was a "further recitation of his prior arguments" and "fail[ed] to articulate

2

any cognizable basis for reconsideration." Dkt. No. 196. On February 18, 2026, Plaintiff filed a reply in further support of his motion. Dkt. No. 197.

## LEGAL STANDARD

Reconsideration of a previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Secs. Litig., 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (citations and quotation marks omitted). As such, the standard for a request of reconsideration under Local Civil Rule 6.3 "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 702–03 (S.D.N.Y. 2011); see also Lichtenberg v. Besicorp Grp. Inc., 28 F. App'x 73, 75 (2d Cir. 2002) (stating that the movant "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion" in order to prevail on a motion for reconsideration). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

## DISCUSSION

### A. Motion for reconsideration

The Court does not find that find that the "extraordinary remedy" of reconsideration is warranted under Rule 6.1.  Here, Plaintiff asserts that because of Defendants' alleged noncompliance with previous discovery orders and because "relevant and responsive discovery remains open and resolved," "discovery should be re-opened, because 'there is a need to correct a clear error or prevent manifest injustice.'"  Dkt. No. 193-1 at 2.  Beyond that, Plaintiff fails to explain why reconsideration of the Court's January 16th order is necessary to correct a clear error or prevent manifest injustice.

Indeed, it is difficult to comprehend what exactly Plaintiff is requesting be reconsidered from the January 16th order.  As noted above, the Court did not make any rulings in the January 16th order because Plaintiff's December 26th "letter did not appear to raise any additional discovery disputes, or any concrete requests, for the Court to address."  Dkt. No. 191.  Instead, Plaintiffs' motion for reconsideration is a regurgitation of old discovery disputes and outcomes he is not pleased with—in other words, a "vehicle for relitigating old [discovery] issues" or "otherwise taking a second bite at the apple."  Analytical Survs., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012).  The Court has made clear that *all* discovery disputes raised to the Court have been resolved and that discovery is closed.  See Dkt. Nos. 189, 191.  Thus, the Court finds no clear error or manifest injustice under the circumstances and **DENIES** Defendants' motion for reconsideration.

4

**B. <u>Request to re-open discovery</u>**

In Plaintiff's motion for reconsideration, Plaintiff states several times that he seeks to "re-open discovery" because several discovery issues remain outstanding. To avoid doubt, the Court also **DENIES** this request, as Plaintiff has failed to provide good cause to re-open discovery pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure. As memorialized in the Court's December 16th order denying Plaintiff's motion to compel discovery in full at Dkt. No. 189, the Court has already given Plaintiff multiple bites at the apple to litigate Plaintiff's motion to compel. While Plaintiff may disagree with the Court's denial of these requests, that is not good cause to reopen discovery. Further, the parties, including Plaintiff, were aware that fact discovery was set to close on October 15, 2025. Dkt. No. 174. Any open disputes should have been raised with the Court before then. Plaintiff's failure to do so does not constitute good case. As such, Plaintiff's request to re-open discovery is **DENIED**.

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff's motion **DENIED**. As discovery is closed, the parties are directed to file a letter to Justice Abrams on the briefing schedule of the forthcoming motion for summary judgment by **March 17, 2026**.

**The Clerk of Court is respectfully requested to close Dkt. No. 193.**

SO ORDERED.

DATED:    New York, New York
          March 11, 2026

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge

5