UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
COLUMBO,

                                            Plaintiff,                                    **ORDER**

                        -against-                                            **22-CV-775 (RA) (JW)**

PHILIPS BRYANT PARK LLC, *et al.*,

                                            Defendants.
------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court is in receipt of the parties' supplemental briefing regarding Defendants' request to strike or otherwise preclude Plaintiff's expert report dated May 16, 2025. Dkt. Nos. 225–226. For reasons discussed below, the Court **GRANTS** Defendants' request to preclude Plaintiff's expert report.

### BACKGROUND

Fact discovery and expert discovery in the instant action closed on October 15, 2025. Dkt. No. 189. As discussed in this Court's previous orders, any discovery disputes raised by the parties before the discovery deadline were subsequently resolved by the Court by December 2025. See Dkt. Nos. 189, 191. Discovery is now closed, and the parties are currently briefing their forthcoming motions for summary judgment. See Dkt. Nos. 221, 223.

Before this Court is Defendants' request to preclude Plaintiff's expert report, which relates to Plaintiff's calculation of alleged damages. Dkt. No. 225. Defendants contend that Plaintiff served the report, which was dated May 16, 2025, onto Defendants on March 24, 2026—five months *after* the October 15, 2025 discovery

deadline.  Id.  Defendants argue that Plaintiff should be precluded from utilizing the report because of its untimeliness.  Id.  Further, Defendants assert that Plaintiff failed to justify or even explain his delay in serving the report, and that they would "suffer clear and substantial prejudice" if Plaintiff were allowed to use this report because Defendants no longer have the option of deposing the expert witness since discovery is now closed.  Id.  Further, allowing Plaintiff to use the expert report "would award Plaintiff the relief he has been seeking from the Court – to reopen discovery."  Id.

Plaintiff filed a letter in opposition to preclusion.  Dkt. No. 226.  Plaintiff asserts that Defendants had notice of the report because Plaintiff disclosed that he retained expert Kris Kucsma, M.A. to determine damages in his July 19, 2025 amended initial disclosures.  See Dkt. No. 213-1 at 10.  Plaintiff also notes that in his December 25, 2025 letter to the Court—which is *after* the discovery deadline—he asked whether "the Court intends to enter a new Case Management Order to allow for the completion of discovery" in part because "Plaintiff's expert report needs to be updated given the increased damages as Defendants' unlawful conduct and this matter continue."  Dkt. No. 213.  However, Plaintiff does not dispute that he served the expert report *for the first time* five months after the discovery deadline on March 24, 2026.  He also fails to provide any reasoning regarding the delay.  Plaintiff further contends the expert report was dated May 16, 2025 because it calculated damages up to that date.  Dkt. No. 226.  Plaintiff asserts he intended to update the expert report

once he received additional discovery from Defendants, but never received that discovery because this Court denied his various motions to compel.[1] Id.

## LEGAL STANDARD

Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, a party who fails to provide information required under Rule 26(a) or (e), "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or a trial, unless the failure was substantially justified or is harmless." F.R.C.P. 37(c)(1). "Where a party does not meet its discovery obligations, '[a] district court has wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37.'" Agence France Presse v. Morel, 293 F.R.D. 682, 685 (S.D.N.Y. 2013) (quoting Design Strategy v. Davis, 469 F.3d 284, 297 (2d Cir. 2006).

"In considering whether to exclude evidence under this standard, courts refer to a nonexclusive list of four factors: (1) the party's explanation for its failure to disclose, (2) the importance of the evidence, (3) the prejudice suffered by the opposing party, and (4) the possibility of a continuance." Id. "The party that violates Rule 26 bears the burden of showing that its violation was either substantially justified or harmless." Ritchie Risk–Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC, 280 F.R.D. 147, 159 (S.D.N.Y. 2012).

---

[1] The Court denied Plaintiff's remaining outstanding motion to compel on December 16, 2026. Dkt. No. 189. For more details regarding the resolution of the last discovery disputes, please refer to Dkt. No. 200.

"The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence." Ebewo v. Martinez, No. 02 Civ. 3902 (JGK), 309 F.Supp.2d 600, 607 (S.D.N.Y. 2004) (citations omitted). "Courts in this Circuit recognize that preclusion of evidence pursuant to Rule 37(c)(1) is a drastic remedy and should be exercised with discretion and caution." Id.

## DISCUSSION

The Court ultimately finds that the four factors weigh in favor of precluding Plaintiff's expert report.

First, Plaintiff's explanation of his failure to comply with the discovery deadline is unpersuasive. Plaintiff completely glosses over the fact that he served the expert report for the first time *five months* after the close of expert discovery, or that he could have provided a preliminary expert report to Defendants within the discovery window. Instead, Plaintiff argues that his delay is the result of Defendants' alleged failure to comply with their discovery obligations. But as discussed multiple times and in various discovery orders, the Court resolved all outstanding discovery disputes raised before the October 15, 2025 deadline, and noted that discovery remained closed despite attempts by Plaintiff to reopen discovery. See, e.g., Dkt. No. 200. Plaintiff's noncompliance with the expert discovery deadline is therefore wholly unjustified.

Second, the expert report's importance weighs in favor of preclusion. On one hand, "the exclusion of critical evidence is obviously more prejudicial to the party seeking to offer that evidence than is the exclusion of less important evidence. . . . On

4

the other hand, a party's late filing of an expert report that is critical to his case 'only serves to underscore the inexcusable quality of its delayed submission.'" Venkataraman v. Kandi Techs. Grp., Inc., No. 20 Civ. 8082 (DEH), 2025 WL 2770640, at *6 (S.D.N.Y. Sept. 26. 2025) (citation omitted). This is not the case where new information has recently come to light. As Plaintiff admits, the expert worked on the report during expert discovery (as the report was dated May 16, 2025). Plaintiff's failure to timely serve the expert report which he had in his possession for five months before the close the expert discovery, and which he knew would be important to his case, weighs in favor of preclusion.

Third, the prejudice to Defendants if Plaintiff was allowed to use the expert report is substantial. Plaintiff asserts that Defendants would not be prejudiced because Plaintiff disclosed the expert in his amended disclosures, a trial date is not yet set, and "the opposing party has time to address it." Dkt. No. 226. However, Plaintiff fails to acknowledge that disclosing an expert is one of many steps in the expert discovery process—the majority of which did not happen because Plaintiff failed to serve the expert report until five months after the expert discovery deadline. For instance, expert discovery requires preparing and serving an expert report, allowing opposing counsel to take a deposition, and providing an opportunity for the opposing side to introduce rebuttal expert evidence. If the tendered report was allowed, Defendants would have to depose the expert and then take the time and expense to retain their own. All this long after discovery closed and with a summary judgement briefing schedule already in place. As such, this factor weighs in favor of

5

preclusion.  See Lidle v. Cirrus Design Corp., No. 08 Civ. 1253 (BSJ) (HBP), 2009 WL 4907201 at *7 (S.D.N.Y. 2009) (holding that third factor is "substantial" because inclusion would require rebuttal evidence and deposition of expert).

Fourth, while a continuance is possible, it would be unwarranted here because of the reasons stated above—namely, that the expert report should have been disclosed well before the close of the October 15, 2025 expert discovery deadline.  "Granting a continuance to permit [P]laintiffs' behavior would serve no purpose except to encourage parties to disregard the Court's scheduling order."  Id.

In sum, Plaintiff's failure to timely disclose the expert report was neither substantially justified nor harmless, and each of the four factors weighs in favor of precluding it.  The Court recognizes that the exclusion of evidence here will have substantial consequences, but a "district court has wide discretion to impose sanctions, including severe sanctions, under [Rule] 37."  Design Strategy, Inc. v. Davis, 469 F.3d 284, 297 (2d Cir. 2006).  And here, the Court concludes that the exclusion of the expert report is appropriate considering Plaintiff's noncompliance with the discovery schedule and minimal efforts to defend or remedy that noncompliance.

As such, Defendants' request to preclude Plaintiff's expert report is **GRANTED**.

**The Clerk of Court is respectfully requested to close Dkt. No. 225.**

SO ORDERED.

DATED:    New York, New York

       June 1, 2026

_____
JENNIFER E. WILLIS
United States Magistrate Judge